UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. 4:05CR657ERW(MLM) |
| LAWRENCE DERBES, | ) ) | |
| Defendant. | ) ) | |

# ORDER

This matter is before the court on the Motion to Modify the Court Order Setting Conditions of Pretrial Release filed by defendant. [Doc. 17] The government opposes the Motion. [Doc. 18]

In the Motion defendant states that he has accepted employment as a physician with the Honolulu Medical Group in Honolulu, Hawaii. This employment is scheduled to begin March 1, 2006. He states that employment will insure he meets future child support obligations and that strict compliance with electronic monitoring will severely impede his ability to perform his duties as a physician.[1]

As an initial matter, defendant's argument that compliance with electronic monitoring will impede his ability to perform his duties as a physician is thoroughly without merit. There is no question that appropriate conditions for compliance with electronic monitoring can be tailored to accommodate defendant's employment. This type of arrangement is made for defendants all of the time.

Secondly, when defendant came before the court for his Initial Appearance, he requested to be allowed to travel to Hawaii and the court specifically refused such travel. His signing a contract for employment in Hawaii when he was specifically told he could not go to Hawaii is unconscionable.

---

[1] James Carpening, defendant's Pretrial Release Officer in Raliegh, North Carolina requested that defendant include a request to transfer defendant's pretrial release supervision to Honolulu, Hawaii, which he has done.

In addition, as the government points out, the contract indicates defendant is to be compensated $10,000.00 per month in semi-monthly amounts beginning February 1, 2006. Although defendant would have received at least one-half of his February salary by February 15th, and the original child support order required payment on the first of the month, defendant has yet to pay child support for the month of February.

Furthermore, defendant's W-2's for the tax years 1997 though 2002 show reported income ranging from $69,422.71 to $471,479.00. During this time he did not provide child support. In fact, defendant quit his employment at the University of California in Davis in 2001 when the custodial parent garnished his wages. Consequently, the court agrees with the government's argument that employment provides absolutely no guarantee that defendant will meet his support obligations.

Again, as pointed out by the government, there is a contempt judgment dated August 14, 2004 from the 24th Judicial District Court for Jefferson Parish in Louisiana. The judgement required defendant to serve thirty (30) days in jail unless he paid a $500.00 fine and within sixty (60) days of the judgment, made a substantial payment toward arrearages, fees and costs. As of the date of the government's Response, February 22, 2006, the defendant has not served the thirty (30) days in jail nor has he made any of the payments required by the court's orders. Until the contempt order is resolved, the defendant should not be permitted to travel in the unrestricted manner he requests.

Finally, the timing of defendant's request does not permit any examination of the employment or defendant's living or travel arrangements. At the time of his appearance in January, defendant lacked any financial resources. It is obviously questionable how his room and board or travel could be financed at this time.

The court finds that despite any negotiations regarding a misdemeanor disposition, the penalties involved for a possible felony conviction are severe enough to pose a risk of flight.

For all the above reasons, the court finds that the Motion should be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's Motion to Modify the Court Order Setting Conditions of Pretrial Release is DENIED. [Doc. 17.]

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this  28th  day of  February, 2006.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:05CR657ERW(MLM) |
| LAWRENCE DERBES, | ) | |
| Defendant. | ) | |

## ORDER

This matter is before the court on the Motion to Modify the Court Order Setting Conditions of Pretrial Release filed by defendant. [Doc. 17] The government opposes the Motion. [Doc. 18]

In the Motion defendant states that he has accepted employment as a physician with the Honolulu Medical Group in Honolulu, Hawaii. This employment is scheduled to begin March 1, 2006. He states that employment will insure he meets future child support obligations and that strict compliance with electronic monitoring will severely impede his ability to perform his duties as a physician.[1]

As an initial matter, defendant's argument that compliance with electronic monitoring will impede his ability to perform his duties as a physician is thoroughly without merit. There is no question that appropriate conditions for compliance with electronic monitoring can be tailored to accommodate defendant's employment. This type of arrangement is made for defendants all of the time.

Secondly, when defendant came before the court for his Initial Appearance, he requested to be allowed to travel to Hawaii and the court specifically refused such travel. His signing a contract for employment in Hawaii when he was specifically told he could not go to Hawaii is unconscionable.

---

[1] James Carpening, defendant's Pretrial Release Officer in Raliegh, North Carolina requested that defendant include a request to transfer defendant's pretrial release supervision to Honolulu, Hawaii, which he has done.

**In addition, as the government points out, the contract indicates defendant is to be compensated $10,000.00 per month in semi-monthly amounts beginning February 1, 2006. Although defendant would have received at least one-half of his February salary by February 15th, and the original child support order required payment on the first of the month, defendant has yet to pay child support for the month of February.**

**Furthermore, defendant's W-2's for the tax years 1997 though 2002 show reported income ranging from $69,422.71 to $471,479.00. During this time he did not provide child support. In fact, defendant quit his employment at the University of California in Davis in 2001 when the custodial parent garnished his wages. Consequently, the court agrees with the government's argument that employment provides absolutely no guarantee that defendant will meet his support obligations.**

**Again, as pointed out by the government, there is a contempt judgment dated August 14, 2004 from the 24th Judicial District Court for Jefferson Parish in Louisiana. The judgement required defendant to serve thirty (30) days in jail unless he paid a $500.00 fine and within sixty (60) days of the judgment, made a substantial payment toward arrearages, fees and costs. As of the date of the government's Response, February 22, 2006, the defendant has not served the thirty (30) days in jail nor has he made any of the payments required by the court's orders. Until the contempt order is resolved, the defendant should not be permitted to travel in the unrestricted manner he requests.**

**Finally, the timing of defendant's request does not permit any examination of the employment or defendant's living or travel arrangements. At the time of his appearance in January, defendant lacked any financial resources. It is obviously questionable how his room and board or travel could be financed at this time.**

**The court finds that despite any negotiations regarding a misdemeanor disposition, the penalties involved for a possible felony conviction are severe enough to pose a risk of flight.**

For all the above reasons, the court finds that the Motion should be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's Motion to Modify the Court Order Setting Conditions of Pretrial Release is DENIED. [Doc. 17.]

/s/Mary Ann L. Medler<br>
MARY ANN L. MEDLER<br>
UNITED STATES MAGISTRATE JUDGE

Dated this  28th  day of February, 2006.